UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TROY LAMAR NORRIS,

    Plaintiff,

v.                                                     Case No. 3:23cv6433-LC-HTC

B. STEARNS, et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

Plaintiff Troy Lamar Norris, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a second amended civil rights complaint under 42 U.S.C. § 1983, alleging officials at Santa Rosa County Jail (the "Jail") falsely imprisoned him and violated his Fourteenth Amendment rights by continuing to detain him at the Jail after his violation of probation sentence had expired. ECF Doc. 11 at 7. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the second amended complaint, the undersigned finds it continues to fail to state a claim and, thus, recommends it be dismissed for failure to state a claim.

I.      BACKGROUND

Plaintiff files this suit against three (3) defendants in their individual and official capacities: (1) B. Stearns, a Captain at the Jail; (2) K. Young, a Sergeant at the Jail; and (3) an unknown Jail Classifications Officer, identified as "DC 271." ECF Doc. 11 at 2-3. The following facts are taken from Plaintiff's second amended complaint, ECF Doc. 11, and from Plaintiff's state court records.[1]

On March 9, 2015, Norris was convicted of battery, aggravated assault, and violation of an injunction against domestic violence in Santa Rosa Case 2014 CF 1364. He was sentenced to 1 year and 3 months in state prison and 4 years' probation. On September 19, 2018, while still on probation in 2014 CF 1364, Norris was found in possession of methamphetamine and drug paraphernalia and charged with a violation of probation ("VOP") in 2014 CF 1364. He was denied bond in the VOP case and held at the Santa Rosa County Jail.

On September 21, 2018, he was arrested for separate offenses from his VOP case—domestic battery, sexual assault and kidnapping/false imprisonment of his girlfriend—in 2018 CF 1821. He was given a $20,000 bond in that case, but he was not given a chance to make bond because of the no-bond status in his VOP case.

---

[1] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records, available at https://www.civitekflorida.com/ocrs/county/57/.

On January 8, 2019, he was sentenced to 15 months of Florida Department of Corrections ("FDOC") custody on the VOP, which he served in the Jail rather than an FDOC facility because he still faced charges in 2018 CF 1821. According to the second amended complaint, he calculated the FDOC sentence for the VOP to end on July 17, 2019, and intended to seek release on bond on that date. Thus, as that date approached, Plaintiff began submitting several requests to the Classification Department at the Jail "specifically inquiring about the expiration of his VOP sentence so he could post bond on his new case and be released." ECF Doc. 11 at 5. The Defendants all provided multiple responses to Plaintiff's requests stating that "the Jail did not calculate DOC time" and "DOC still had a hold placed on him." However, Plaintiff claims he "was clearly making the Defendants aware that the sentence was expired and the hold should be lifted." *Id.*

Finally, on November 24, 2020, Captain Stearns responded to a grievance appeal that "DOC had never sent a release for your (Plaintiff's) DOC sentence, so we requested that today." *Id.* at 5-6. In the meantime, however, the state prosecutor on November 12, 2019, had amended the charges in 2018 CF 1821 and moved to increase the amount of bond. ECF Doc. 1 at 15. On December 4, 2020, the court in 2018 CF 1821 increased his bond to $215,000 due to the amended information charging more serious crimes. Therefore, Plaintiff was unable to post bond and remained in custody at the Jail.

On September 15, 2021, he was found guilty by a jury of sexual battery in 2018 CF 1821, and, on October 15, 2021, he was sentenced to 15 years in the FDOC. According to the FDOC online inmate records,[2] Plaintiff was received into FDOC custody on November 16, 2021, and is currently serving a 15-year sentence.

## II.   LEGAL STANDARD

Because Plaintiff is (1) a prisoner seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

## III.   DISCUSSION

### A.   Official Capacity Claims

As an initial matter, Plaintiff fails to state a claim against Defendants in their official capacities because he does not allege a policy or custom of the Sheriff as operator of the Jail caused his injury. "[A] suit against a public official in his official capacity is considered a suit against the local government entity he represents." *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989). Therefore, the

---

[2]*See* http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=P44054

Case No. 3:23cv6433-LC-HTC

official capacity suits against the three Jail employees are considered suits against the Sheriff, who runs the Santa Rosa County Jail. *Rogers v. Johnson*, 3:18cv571-RV/EMT, 481 F. Supp. 3d 1239, 1251 (N.D. Fla. 2020), *aff'd sub nom. Rogers v. Santa Rosa Cnty. Sheriff's Off.*, 856 F. App'x 251 (11th Cir. 2021).

However, "[a] governmental entity is not liable under § 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999). Rather, liability can only exist when the execution of a government policy inflicts the injury. *See Monell v. Dept. of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978). Here, Plaintiff's claims involve only conduct by the employees and contain no allegation of an official policy or custom by the Sheriff / Jail. Therefore, Plaintiff's claims against Defendants in their official capacities fail as a matter of law.

### B. Individual Capacity Claims

Plaintiff also fails to state a claim against any Defendant in their individual capacity. To prevail on a Fourteenth Amendment over-detention claim, Plaintiff must demonstrate the Defendants acted with deliberate indifference to Plaintiff's right to be released. This means Plaintiff must plausibly allege the Defendants: (1) had subjective knowledge of a risk of serious harm, consisting of continued detention when Plaintiff was entitled to be released; (2) disregarded that risk; and

(3) did so by conduct that is more than mere negligence. *Cruz v. Green*, 352 F. Supp. 3d 1213, 1222 (S.D. Fla. 2019).

As Plaintiff was advised in the Court's April 17, 2023 Order, ECF Doc. 8, the documents attached to Plaintiff's original complaint[3] show that Defendants did not have subjective knowledge of a risk of over-detention. Although Plaintiff suggested to Defendants that his FDOC sentence may be expired and asked if he was eligible to seek bond, he also admits that an FDOC hold did, in fact, exist until the FDOC cleared the hold on November 24, 2020. Until the FDOC cleared the hold, neither the Defendants nor the Sheriff had the authority to release Plaintiff. Plaintiff does not allege Defendants had any knowledge the hold was improper, and Plaintiff himself mentioned various types of holds that are separate from his custodial sentence for the VOP conviction, such as a "Violent Felony Offender of Special Concern Hold," that the FDOC might be applying to him. ECF Doc. 1 at 15.

Thus, even if the FDOC should have removed the hold, these Defendants could not have acted with deliberate indifference by failing to release Plaintiff. As Defendants allegedly told Plaintiff, "the Jail did not calculate DOC time" and "DOC

---

[3] The Court may consider the factual allegations in and attachments to Plaintiff's amended complaints *and* initial complaint. *See Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171 (D.D.C. 2013), *aff'd*, 796 F.3d 1 (D.C. Cir. 2015) ("[t]he Court may consider the original Complaint and Plaintiffs' other filings, including sworn statements, in evaluating the Amended Complaint [when considering whether Plaintiff states a claim.]"); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss") (citing *Crenshaw v. Lister,* 556 F.3d 1283, 1292 (11th Cir.2009) (citing cases)).

still had a hold placed on him." ECF Doc. 11 at 5. At most, the Defendants' failure to conduct a more thorough investigation into Plaintiff's inquiries regarding the expiration of his VOP sentence was negligent, but that is insufficient to support liability under the Constitution. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property").

For the same reasons, Plaintiff's false imprisonment claim lacks merit. "A false imprisonment claim under section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law." *Ortega v. Christian*, 85 F.3d 1521, 1527 (11th Cir. 1996) (internal citation omitted). Such a claim "requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment." *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009). The essential elements of a cause of action for false imprisonment under Florida common law include: (1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or "color of authority"; and (4) which is unreasonable and unwarranted under the circumstances. *Montejo v. Martin Mem'l Med. Ctr., Inc.,* 935 So.2d 1266, 1268 (Fla. 4th DCA 2006) (citing *Johnson v. Weiner,* 155 Fla. 169, 19 So.2d 699, 700 (1944); *Jackson v. Navarro,* 665 So.2d 340, 341 (Fla. 4th DCA 1995)). Because the Jail held Plaintiff pursuant to a hold from the FDOC, the detention was not

"unlawful," was not "without legal authority or 'color of authority,'" and simply was not "unreasonable and unwarranted under the circumstances." Therefore, Plaintiff fails to state a claim for false imprisonment.

## IV. CONCLUSION

Because the Court has already given Plaintiff two opportunities to more carefully craft his complaint to state a claim, the undersigned finds a third opportunity to be unwarranted. The facts and circumstances surrounding Plaintiff's alleged over-detention in Jail simply do not support a claim against Defendants.

Accordingly, it is respectfully RECOMMENDED that:

1. This action be DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2) because Plaintiff fails to state a claim on which relief may be granted.

2. The clerk be directed to close the file.

At Pensacola, Florida this 22nd day of June, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.